**SO ORDERED.**

**SIGNED this 22 day of January, 2009.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DONALD W. KISER, ) | Case No. 06-11453 |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

## MEMORANDUM OPINION

Before the Court is the debtor's motion to modify his confirmed chapter 13 plan to increase the monthly payment and to provide for the payment of attorney fees to the debtor's counsel of $500 for the modification of the plan.[1]  The Trustee and the IRS objected to the modification motion.[2]

---

[1] Dkt. 34.

[2] Dkt. 37 and 38.

1

Debtor appears by his attorney Mark Lazzo. Laurie B. Williams, the chapter 13 trustee appears in person. The Court conducted an evidentiary hearing on December 16, 2008 and is ready to rule.

Debtor filed his chapter 13 petition and plan on August 10, 2006. Debtor's plan provided for payment in full of his creditors at $400 per month until paid.[3] It also provided for the treatment of the IRS claim as unsecured. As confirmed on December 15, 2006, however, the plan provided for the IRS claim to be treated as secured.[4] The plan also provided for debtor's attorney to receive fees of $1200 to be paid over the life of the plan. Debtor defaulted on his plan payments and, on July 25, 2008, the Trustee filed her motion to dismiss his case for non-payment.[5] Debtor objected to that motion[6] and, in response to it, filed the instant motion to modify. In that motion, debtor sought to increase his plan payment to $500 per month. The motion also requested an additional attorney's fee of $500 for debtor's counsel. This amount was to be paid from debtor's funds and not through the plan. Finally, the modification provided for the IRS claim to be treated as unsecured. Debtor's counsel conceded that this clause was added in error in light of debtor's previous agreement and the Court's order that the claim be treated as secured.

Both the IRS and the Trustee objected to this modification. The IRS objected to the conversion of its treatment to that of an unsecured creditor. The Trustee objected to this treatment as well. Later, the Trustee filed her supplemental objection in which she objected to the $500 additional attorneys fee as not being reasonable under the circumstances of the case. Because the

---

[3] Dkt. 5.

[4] Dkt. 19.

[5] Dkt. 31.

[6] Dkt. 33.

2

IRS objection to its treatment was resolved by agreement prior to trial, the only issue remaining at trial was the reasonableness of the additional attorney's fee.[7]

At the evidentiary hearing, debtor's counsel presented a declaration containing his time records in support of the $500 fee.[8] This declaration states that counsel spent 3.8 hours and at an hourly rate of $175, the total additional fees equal $665. In addition, debtor's counsel testified that the fee covered not only work done in preparing the modification motion, but also in representing the debtor on the motion to dismiss. He stated that this was a means of recovering those fees without filing a formal application under 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016. He also stated that the Trustee does not honor requests for additional fees made in a response to a motion to dismiss because, typically, the response is not noticed to the creditor body as a fee application should be. Accordingly, he sought to modify the plan as a means of increasing debtor's payments and seeking approval of the fee.

The Trustee argues that the plan modification motion was not necessary and, therefore, the fee requested was not earned and should not be allowed. She concedes that she does not recognize fee requests in the body of responses to dismissal motions, but states that she would honor such requests were they noticed to all of the creditors as the rules require. In essence, her argument here is that the modification was unnecessary for two reasons: (1) because the increase in payments did not adversely affect any creditor; and (2) because debtor's plan already provided for the creditors to be paid in full. She further argues that the fees requested are unreasonable because the time expended was not warranted and because the modification motion's apparently erroneous reference

---

[7] Dkt. 44.

[8] Ex. 15.

to the IRS claim made unnecessary work for her and the Government.

Section 330(a)(4)(B) provides that a chapter 13 debtor's attorney may receive "reasonable compensation. . . for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in [§ 330]." Those factors are enumerated in § 330(a)(3) and include the well-known *Johnson* factors speaking to time spent, rate charged, necessity and benefit of services, whether the time spent was commensurate with the complexity of the matter at hand, whether counsel has demonstrated skill and experience in the bankruptcy field, and whether compensation is reasonable and comparable to like-skilled attorneys in non-bankruptcy cases. Counsel's declaration generally speaks to these factors. Fed. R. Bankr. P. 2016(a) requires that an application be filed detailing the services rendered and the amounts requested. According to Judge Lundin, a number of courts have concluded that debtor's counsel need only show benefit to the debtor as opposed to the estate or to the creditor body.[9] Thus the questions here are whether these services were "necessary" and whether the debtor benefitted from them.

Debtor's attorney seeks $500 for what he avers by his declaration are 3.8 hours of legal services.[10] At his contractual rate of $175, which this Court believes to be eminently reasonable, this amounts to $665. The Court notes that the services directly related to reacting to the Trustee's motion to dismiss entailed about 1.5 hours or $262.50. Counsel spent another half hour in processing a plan payment to the trustee and reviewing and returning an order resolving the motion to dismiss. No court appearance on the motion to dismiss was necessary. Thus, a total of $350

---

[9] Hon. Keith M. Lundin, CHAPTER 13 BANKRUPTCY § 294.1 (3d ed. 2000 & Supp. 2004).

[10] Ex. 15.

4

went into defending and resolving the motion to dismiss. The Court believes this expenditure of time to have been reasonable and necessary. It clearly benefitted the debtor who, as a result of it, retained the protection of this Court.

It is less clear that the modification motion was necessary or beneficial to the debtor. Indeed, that motion prompted unnecessary work on the part of both the Trustee and the Government. Some part of the motivation to file that motion seems to have been gaining the approval of the $500 fee, some of which was incurred in drafting the motion itself. Nor does it seem to have been necessary to highlight to the creditors in a separate modification motion the increase in payment amount, especially where the confirmed plan required payment in full, especially when the payment default was being resolved by agreement and the debtor and Trustee submitted an order to that effect.

However, the Court is not insensitive to debtor's counsel's conundrum in seeking the fees he incurred in dealing with the dismissal motion. Accordingly, the Court concludes that, on the facts of this case, debtor's counsel should receive $400 in fees, $350 of which would be attributable to the dismissal motion and $50 of which are attributable to the fee request.

In the future, this Court will consider allowing a maximum fee for defending a motion to dismiss of $350 in certain situations on a "no look" basis–in other words, if the debtor objects to a motion to dismiss or makes some other "defensive" response *(i.e.*, a motion to suspend), and if the debtor's counsel reasonably believes that she has earned and exhausted the presumptive fee allowed in the case, counsel may insert a prayer for up to $350 in fees in the defensive pleading and, unless the Trustee or a creditor objects, the Court will allow that fee. Such request must be contained in a responsive pleading that is noticed to the matrix and an appropriate certificate of service filed. If counsel believes that more than $350 has been earned, a detailed fee application will be necessary.

5

Counsel are directed to Judge Karlin's order in *In re Beck*, No. 06-40774 (Bankr. D. Kan. Feb. 21, 2007), which contains the following language:

> If this option is used, debtor's counsel should insert language that essentially certifies to the effect that he or she has "reviewed this file and have determined, in light of the hours expended and my normal hourly rate (and/or the rate of any legal assistant who has worked on this file other than for purely clerical purposes) that I and/or my staff have provided legal services to the debtor(s) in this case that consume the fees previously allowed, other than any routine post-confirmation work for which the Court has presumed $350 to be a reasonable fee." With that information, the Trustee, when reviewing a proposed order granting or denying the relief on a particular matter, as well as this Court, can reasonably determine if the additional fees should be allowed.

*Beck* at p. 28.

In the Court's opinion, this is a reasonable and economical response to what can be an expensive administrative issue. If a debtor's attorney seeks fees on this basis, the Trustee may object and the Court will conduct an evidentiary hearing to further flesh out what the appropriate fee and level of required notice should be. This "no look" fee will only apply to defensive responses and motions and not to motions to modify plans initiated by debtor.

IT IS THEREFORE ORDERED that the instant motion to modify is GRANTED, but the Trustee's objection to the allowance of attorneys fees is SUSTAINED IN PART, with fees allowed for the forgoing reasons at $400.

IT IS SO ORDERED.

# # #